IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL KELLEY                                                                    PLAINTIFF

VS.                                             CIVIL ACTION NO. 3:14cv512-DPJ-FKB

J. BUSCHER, et al.                                                          DEFENDANTS


<u>REPORT AND RECOMMENDATION</u>

This is an action brought pursuant to 42 U.S.C. § 1983.  Presently before the Court are the motions for summary judgment filed by Defendants Derrick Edwards, M.D., and Ollie Little [46], and by Defendant Jerry Buscher [57].  Having considered the motions, Plaintiff's response, the rebuttal of Defendants Edwards and Little, the undisputed facts, and the competent summary judgment evidence of record, the undersigned recommends that the motions be granted and this action dismissed with prejudice.

During the relevant time period, Daniel Kelley was a state prisoner housed at Parchman and at East Mississippi Correctional Facility (EMCF).  Defendant Jerry Buscher was the warden of EMCF while Plaintiff was housed there, Defendant Ollie Little was the health services administrator at EMCF, and Defendant Derrick Edwards, M.D., was the facility physician at EMCF.  On September 23, 2013, Kelley, who was then housed at Parchman, was seen by a prison dentist for sore, swollen, and bleeding gums. [46-2] at 1. The dentist diagnosed him with gingivitis and prescribed antibiotics and ibuprofen. *Id.* Kelly claims that the dentist scheduled him for a follow-up appointment on September 30, 2013, but the records do not support this.  In any event, on September 25, 2013, Kelley was transferred to EMCF.  He alleges that at EMCF officials discontinued the antibiotics

and that dental care was unreasonably delayed.  Kelley claims that he submitted "at least thirty" requests to see a dentist, but the record indicates only one such request, dated January 19, 2014. [46-2] at 24.  There is no indication that any action was taken on it.  On March 28, 2014, Kelley submitted a request for administrative remedy ("ARP") regarding these alleged delays. [46-4] at 6.  Because of a mixup, the request was initially returned. [46-4] at 13.  However, when the ARP clerk discovered the problem on June 12, 2014, she immediately contacted Defendant Little, who arranged for Plaintiff to see the dentist on June 15, 2014. [46-4] at 13-14.  At that time, the dentist extracted one of Kelley's teeth and performed prophylactic cleaning. [46]-2 at 14-15.  Kelley alleges that he underwent needless pain and suffering because of the delay and that he would not have lost the tooth had prison officials heeded his earlier requests to be seen by a dentist.  He further alleges that prison health care staff have failed to adequately address his gum disease.

Prison inmates are entitled under the Eighth Amendment to adequate medical care.  *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2103).  A denial of this right occurs when prison officials exhibit deliberate indifference to an inmate's serious medical needs. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).   Furthermore, liability cannot be premised upon on a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).   Rather, a plaintiff must prove that a defendant directly participated

in the denial of his constitutional rights.  *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

Plaintiff's claims fail as a matter of law for several reasons.  First of all, there is no evidence Plaintiff had a "serious medical need" for dental care.  The medical and dental records indicate that when Plaintiff was finally seen by a dentist on June 15, 2014, his only problems were a decayed tooth, which was extracted, and gingivitis – the same condition for which he was initially treated the prior September.  There is no indication in the dental record that Kelley was in acute distress.  But the most obvious problem with Plaintiff's claims is that he has failed to come forward with evidence linking any defendant with the delays of which he complains.  The only involvement supported by the evidence is Mr. Little's prompt scheduling of Plaintiff for a dentist appointment once he became aware of Plaintiff's ARP request.

For these reasons, the undersigned recommends that Defendants' motions be granted and this matter dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 31st day of August, 2015.


/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE

3