UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DANIEL KELLEY                                                                                           PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14CV512 DPJ-FKB

J. BUSCHER, DERRICK EDWARDS, AND
OLLIE LITTLE                                                                                          DEFENDANTS

ORDER

This § 1983 action is before the Court on the Report and Recommendation [71] of Magistrate Judge F. Keith Ball. Judge Ball recommended granting Defendants' Motions for Summary Judgment [46, 57] and dismissing the action with prejudice. Plaintiff Daniel Kelley filed an Objection [72], a Reply to Defendants' Response to that Objection [74], and two Letters [75, 76]. The Court, having considered each of these filings, finds that the Report and Recommendation [71] should be adopted as the finding of the Court.

I.   Factual and Procedural History

In his Complaint, Plaintiff contends that Defendants, all of whom were employees of East Mississippi Correctional Facility (EMCF), denied him adequate dental care. During the relevant time period, Defendant Jerry Buscher served as the warden; Defendant Ollie Little was the health services administrator; and Defendant Derrick Edwards held the position of facility physician. Judge Ball found that Kelley's claims failed for two reasons: 1) he failed to produce evidence linking any defendant with the delays of which he complains; and 2) there is no evidence Kelley had a "serious medical need" for dental care. R&R [71] at 3. With this background in mind, the Court turns to the facts as alleged in Plaintiff's Complaint [1].

Beginning in September 2013, a dentist at Parchman—where Kelley was previously incarcerated—examined Kelley and determined that he suffered from gingivitis and needed a cleaning. Compl. [1] at 5. The dentist prescribed antibiotics and scheduled a return visit. *Id.* Before that visit could take place, Kelley was transferred to EMCF. *Id.* There, Kellley claims that his prescription was cancelled, his condition deteriorated, and his thirty (30) sick calls were ignored. *Id.*

On March 28, 2014, Kelley submitted a request for administrative review (ARP), complaining of constant pain and swollen and bleeding gums and asking for "emergency dental services." *Id.* at 6, 14. On May 12, 2014, he checked on the status of the ARP and was told that "emergency" ARP's are sent to Mr. Longley to determine if they are in fact an emergency. *Id.* at 15. The ARP Clerk reported she had not received a copy, presumably because the ARP's urgency had not yet been evaluated. *Id.*

On June 2, 2014, Kelley again checked on the status of his ARP and was told by the clerk that she still had not received it. *Id.* at 16. On June 12, the ARP Clerk wrote Kelley explaining that MDOC had returned his ARP as a duplicate by mistake. *Id.* at 17. She reported that she had opened the ARP and informed Defendant Little that it was an emergency request. *Id.* That same day, Little completed a First Step Response communication, letting Kelley know that he would make sure he was seen by the dental department within the week. *Id.* at 24. Three days later, on June 15, a dentist examined and cleaned Kelley's teeth, extracting one decayed tooth. *Id.* at 6. Then, on June 18, Defendant Derrick Edwards issued a Second Step Response indicating that the "issue has been appropriately addressed." *Id.* at 27.

Kelley's complaints center around the fact that it took over eight months for EMCF to render dental care. But, as pointed out by Judge Ball, he has not linked any named defendant with the delays, and the record does not reflect a serious medical condition.

II.     Analysis

The Court will first examine the grounds for dismissal as set forth by Judge Ball and will then turn to Kelley's Objections.

    A.     Individual Defendants

Section 1983 creates a cause of action against those who, while acting under color of state law, violate the plaintiff's constitutional rights. 42 U.S.C. § 1983 (2006). It is well-settled that "[t]here is no vicarious or respondeat superior liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). "In a § 1983 suit . . . the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

During the Ominbus hearing, Judge Ball asked Kelley why he was suing each Defendant. Kelley explained that he was suing Buscher "[b]ecause the warden, he's responsible for making sure that I get dental treatment, him and—he has overall responsibility." Omibus Hrg. Tr. [57-1] at 6. As to Little, Kelley stated "[b]ecause over—he's in charge—he's the health services administrator, and his responsibility, as I said, is the same almost the same as Defendant Buscher." *Id.* at 7. Kelley admitted that his only personal dealing with Little was when he responded to the ARP and scheduled a dental visit. *Id.* And Kelley complained that Edwards, as the second-step responder on the ARP, "didn't address anything as far as the reason for the eight

3

and a half month delay . . . ." *Id.* Kelley's own evidentiary submissions—the ARPs and related correspondence—confirm that once Little and Edwards became involved in Kelley's dental complaints, the issues were promptly addressed. Judge Ball correctly concluded that Kelley failed to link any of these defendants' conduct with the delay in rendering dental care. The suit should be dismissed on this ground alone.

B.  Serious Medical Need

The Court also agrees that Kelley has not shown that Defendants exhibited deliberate indifference to his serious medical needs. "Prison officials violate the Eighth Amendment when they demonstrate deliberate indifference to a prisoner's serious medical needs constituting an unnecessary and wanton infliction of pain." *Brewster v. Dretke*, 587 F.3d 764, 769–70 (5th Cir. 2009) (citation omitted). "Deliberate indifference is an 'extremely high' standard to meet." *Id.* (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). A prison official exhibits deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

While Kelley asserts that he lodged over thirty (30) unanswered sick calls related to his dental concerns, the medical records reflect otherwise. Overall, these records show sick calls for

various ailments—rash, chest pain, back pain—without mention of dental complaints. *See* Med. Rec. [57-3] at 30, 31, 33, 37–46, 49, 50, 51–73, 74. In sum, the evidence does not show that Kelley's dental concerns amounted to a serious medical need. *See Martin v. Tyson*, 845 F.2d 1451, 1457–58 (7th Cir. 1988) (delay in treating broken tooth not sufficiently serious, particularly where the plaintiff was seen by medical personnel for other ailments but he did not mention his dental issue).[1]

    C.    Objections

Following entry of the Report and Recommendation, Kelley filed an objection [72], a reply to Defendants' response to that objection [74], and two letters [75, 76]. The Court has reviewed each submission, and will address select points, though all lack merit.

For the most part, Kelley complains about Defendants' failure to produce documents. But the record reflects that Defendants have repeatedly produced Kelley's records. At the Omnibus hearing held on October 22, 2014, Buscher turned over Kelley's institutional records and ARP file, and Little and Edwards presented Kelley's medical records. Omnibus Hrg. Tr. [57-1] at 10. When Kelley claimed these documents were lost in his transfer from Madison County Detention Center to EMCF, Judge Ball ordered Defendants to produce the documents a second time—which they did. *See* Order [50]; Notice of Compliance [51, 52]. In addition, Edward and Little attached 38 pages of medical records to their motion [46-2], and Buscher

---

[1] The only evidence of complaints regarding dental care is found in the ARP and related communication attached to Kelley's Complaint. Those documents reflect that due to a mistake his March 2014 ARP was not properly "opened" until June 12, 2014, and he received dental care within three days. At best, Kelley has shown negligence in the handling of his ARP requesting dental care, not deliberate indifference, and therefore he has not stated a cognizable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that allegations of mere negligence in giving or failing to supply medical treatment will not suffice).

attached 98 pages of medical records [57-3] to his motion. *See also* Notice [56] (indicating that a second copy of the motion for summary judgment and exhibits [46] was provided on July 30, 2015, in response to Kelley's claim that he had not received them). In short, the record suggests that Defendants have produced those documents relevant to Kelley's claims. And in any event, Kelley's own testimony regarding Defendants' alleged conduct demonstrates that he cannot state a valid § 1983 claim against them.

Kelley also takes issue with Judge Ball's denial of his Motions for Leave to File an Amended Complaint [60, 63]. Judge Ball deemed the motions untimely and noted that the proposed amended complaint failed to state a claim against a current or proposed defendant. Order [70]. Kelley did not appeal this decision, and a court is "entrusted with the discretion to grant or deny a motion to amend" and may properly consider the "futility of the amendment." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). This argument is likewise not well-taken.

Finally, Kelley contends that he did not receive a copy of Busher's Motion for Summary Judgment [57] and it was filed after the motion deadline. First, Buscher filed his motion on July 30, 2015, one day before the expiration of the motion deadline. Second, the certificate of service attached to the motion [57] reflects that a copy was served on Kelley at the Madison Country Detention Center. Third, even assuming Kelley did not receive the motion, he had previously received copies of the evidentiary submissions attached to the motion at the Omnibus Hearing and by mail [52]. And, fourth, Judge Ball did not grant the motion as unopposed—he considered the grounds raised in light of the evidence presented. This ground is rejected.

In sum, the Court has considered all arguments raised by Kelley in his filings; those not addressed would not have changed the Court's finding that the Report and Recommendation should be adopted.

III.   Conclusion

For the reasons described, the Court finds that the Report and Recommendation [71] of Magistrate Judge F. Keith Ball should be adopted as the opinion of this Court. This action is dismissed with prejudice. A separate judgment will be filed under Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2015.

*s/ Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE